**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRADLEY MYERS,

Plaintiff,

v. Case No.: 8:26-cv-01589-CEH-CPT

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant,

___________________________________/

**ORDER**

This matter comes before the Court on its Order to Show Cause, dated August 10, 2026, in which the Court directed Defendant State Farm Mutual Automobile Insurance Company ("State Farm") to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction by filing a written response within fourteen days. Doc. 10. State Farm was cautioned that failure to respond to the Order would result in dismissal of this action, without prejudice and without further notice. *Id.*

On August 24, 2026, State Farm filed its Response to the Order to Show Cause. Doc. 11. In its Response, State Farm submits that although the jurisdictional threshold amount is not apparent from the Complaint, the requisite amount in controversy was established by a preponderance of evidence. *Id*. State Farm urges the Court to consider Plaintiff's incurred medical expenses of $31,316.18, in conjunction with the severity of Plaintiff's medical diagnosis and resulting treatment plan, the $1,000,0000 policy demand, Civil Remedy Notice,

and Plaintiff's claimed damages as sufficient evidence that the amount in controversy exceeds $75,000. *Id.* ¶¶ 9-13, 15.

The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), cert. denied, 553 U.S. 1080 (2008). When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the documents establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010). However, the court may not speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010).

Here, State Farm contends that it submitted "additional evidence addressing the deficiency identified by the Court." Doc. 11 ¶ 7. However, the supplementary evidence does not provide a specified numerical amount, or any other concrete data, that can be used to ascertain whether the case exceeds $75,000. *See* Doc. 11-1. Further, the Court maintains that the pre-suit settlement demand, civil remedy notice, future treatment prognostics, and unsupported claim damages are too speculative to be considered evidence that substantiates the amount in controversy. In conclusion, the Court remains unpersuaded that there is sufficient evidence that supports that the amount in controversy meets the requisite jurisdictional threshold amount. Accordingly, this action is due to be remanded to the state court.

It is **ORDERED**:

1. This action is **remanded** to the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, FL.
2. The Clerk is directed to mail a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit.
3. The Clerk is further directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2026.

Charlene Edwards Honeywell

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties